IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KENNETH GEORGE EBANKS,** | § | |
| **ID # 35234-177**, | § | |
| Movant, | § | |
| | § | |
| v. | § | **No. 3:11-CV-1188-L (BH)** |
| | § | **No. 3:06-CR-0285-L (01)** |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Movant Kenneth George Ebanks's *Motion to Convert The Petitioner's Pending § 3582(c)(2) Motion into a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255*, filed April 5, 2011 ("Motion to Convert").  The court construed the Motion to Convert as a motion to vacate, set aside or correct sentence by a person in federal custody under 28 U.S.C. § 2255, in its order of June 3, 2011.  Pursuant to Special Order 3-251, the case was referred to United States Magistrate Judge Irma Carrillo Ramirez.  On June 27, 2011, the *Findings, Conclusions, and Recommendation of the United States Magistrate Judge* ("Report") were filed.  Movant Kenneth George Ebanks ("Movant" or "Ebanks") filed his *Objections to the Magistrate Judge's Findings, Conclusions, and Recommendations* ("Objections") on July 8, 2011.  Having reviewed the motion, record, Report, Objections, and applicable law, the court determines that the findings and conclusions, in material part, are correct.

I.      **Factual and Procedural Background**

On September 20, 2006, Movant was charged with conspiracy to distribute a controlled substance (count 1), distribution of a controlled substance (counts 15 and 18), being a felon in

**Memorandum Opinion and Order – Page 1**

possession of a firearm (counts 30 and 31), and possessing a firearm in furtherance of drug trafficking (count 32), in violation of 21 U.S.C. §§ 841, 846, and 18 U.S.C. §§ 922(g)(1) and 924(c). Pursuant to a plea agreement, Ebanks pled guilty to count one of the indictment and was sentenced on December 3, 2007, to168 months imprisonment, followed by a five-year term of supervised release.

Movant filed a notice of appeal on December 7, 2007; the Fifth Circuit Court of Appeals affirmed his conviction and sentence in an unpublished opinion on December 10, 2008. *United States v. Ebanks*, No. 07-11254 (5th Cir. Dec. 10, 2008).   On June 17, 2008, while his appeal was pending in the Fifth Circuit, Movant filed his *Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)* ("Section 3582 Motion").

On April 5, 2011, recognizing the relief requested could not be attained properly via his pending Section 3582 Motion, Movant filed his Motion to Convert.   The court noted the untimeliness of Ebanks's Motion to Convert, which was filed after the expiration of the limitations period governing section 2255 motions.   The court, however, opted to treat Ebanks's Motion to Convert as a section 2255 motion, in light of his *pro se* status.[1]   The court directed the clerk of the court to open a new civil action in connection with Ebanks's Motion to Vacate and referred the matter to the magistrate judge for findings, conclusions, and a recommendation on whether the action was time-barred or whether equitable tolling applied.

---

[1] Hereinafter, the court will refer to Movant's Motion to Convert, which is construed by the court as a motion to vacate, set aside or correct sentence by a person in federal custody under 28 U.S.C. § 2255, as "Motion to Vacate."

The magistrate judge found that the date from which the one-year period of limitation, set forth in section 2255(f) of Title 28, would begin to run was March 10, 2009, the date Movant's conviction became final.  The magistrate judge concluded Movant's Motion to Vacate was untimely absent equitable tolling because it was filed more than two years after the limitations period began to run.  Finally, the magistrate judge concluded that equitable tolling was inapplicable because Ebanks's contention that he was ignorant of the law was insufficient to warrant equitable tolling.  Thus, the magistrate judge recommended that the court deny Ebanks's Motion to Vacate as untimely.

Movant timely filed his Objections on July 8, 2011.  Ebanks objected to the magistrate judge's finding that he "inadvertently" filed a section 3582(c)(2) motion instead of a section 2255 motion.[2]  Ebanks objected to the magistrate judge's finding that he failed to establish that he diligently pursued his rights.  Movant contended he diligently pursued his Section 3582 motion, and the court did not rule on his motion.  Ebanks asserted that he, in good faith, filed his Motion to Convert as soon as he realized a section 2255 motion was necessary to obtain the relief requested.

II.     **Analysis**

A.     **Pendency of Direct Appeal**

The court first addresses Ebanks's Section 3582 Motion, filed June 17, 2008.  Movant filed a notice of appeal on December 7, 2007; the Fifth Circuit Court of Appeals affirmed his conviction and sentence on December 10, 2008.  Movant's Section 3582 Motion was filed during the pendency of his direct appeal.  It is well established that motions to vacate under section 2255 are not entitled

---

[2]The court notes that it is *Movant* and not the magistrate judge who characterizes Movant's Section 3582 Motion as "inadvertently filed." (*See* Motion to Vacate at 2.) Thus, Movant's objection is without merit.

**Memorandum Opinion and Order – Page 3**

to consideration on the merits when the direct appeal remains pending. *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). This is because "'the disposition of the appeal may render the motion moot.'" *United States v. Fantozzi*, 90 F. App'x 73 (5th Cir. 2004) (quoting *Welsh v. United States*, 404 F.2d 333 (5th Cir.1968), *abrogated on other grounds by United States v. Ortega*, 859 F.2d 327 (5th Cir. 1988)). The court could not entertain Movant's Section 3582 Motion as a section 2255 motion because his conviction was not yet final. After the Fifth Circuit affirmed Movant's conviction, and upon Movant's filing of his Motion to Convert, the court construed the Motion to Convert as a section 2255 motion.

### B.     Statute of Limitations

The court accepts the magistrate judge's analysis regarding the statute of limitations. The court determines the correct date from which the one-year limitations period began to run is March 10, 2009. As established by the magistrate judge, Movant filed his April 5, 2011 Motion to Vacate more than two years later, so his motion is untimely in the absence of equitable tolling. Ebanks does not contend that his Motion to Vacate was filed within the applicable limitations period. Ebanks contends that "[t]he statute of limitations may be equitably tolled in rare and exceptional circumstances, and this should be one of those rare circumstances." (Objections at 2.) Thus, equitable tolling is the only issue before the court.

### C.     Equitable Tolling

In the context of the one-year limitations period of 28 U.S.C. § 2255, the decision whether to equitably toll the limitations period turns on the facts and circumstances of each case. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). Equitable tolling, however, is permitted only in rare and exceptional circumstances. *Id.* Ebanks bears the burden of establishing equitable tolling

is appropriate. *See id.* at 365. In order to satisfy his burden, Ebanks must show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way of timely filing his section 2255 motion. *Id.* at 365 (citing *Lawrence v. Florida*, 549 U.S. 327, 335 (2007)).

### 1.      Diligent Pursuit of Rights

Ebanks objected to the magistrate judge's finding that he failed to establish that he diligently pursued his rights. The court disagrees with the magistrate judge's finding that movant did not inquire about the status of his Section 3582 Motion or otherwise show any interest in challenging his sentence under section 2255 until April 5, 2011. After filing his Section 3582 Motion on June 17, 2008, Ebanks sent a letter to the clerk of the court (received August 4, 2009) inquiring about the status of his case. Ebanks sent a second letter to the court (received August 20, 2010) requesting a reduction in his sentence and detailing the programs and classes he had engaged in while incarcerated and the changes he made in his life. Upon learning that a section 3582 motion was an improper manner to challenge his sentence, Movant filed his Motion to Convert on April 5, 2011. The court, however, finds it unnecessary to make a determination as to whether Ebanks's letters to the court demonstrate a diligent pursuit of his rights because the court later determines extraordinary circumstances do not exist.

### 2.      Extraordinary Circumstances

The court finds Movant has not met his burden to demonstrate extraordinary circumstances that warrant equitable tolling. Ebanks asserts in his Objections that, although ignorance of the law is not sufficient to warrant equitable tolling, he is nevertheless entitled to equitable tolling because he, in good faith, filed his Motion to Convert as soon as he realized a section 2255 motion was

necessary to obtain the relief requested.  (Objections at 2.)  Movant's diligence in pursuing his rights addresses only the first part of his burden.  Movant filed prematurely his Section 3582 Motion and filed his Motion to Convert well after the one-year limitations period had run.  Confusion as to the filing deadline falls short of showing extraordinary circumstances necessary to support equitable tolling.  *Petty*, 530 F.3d at 365 (citing *Lawrence v. Florida*, 549 U.S. at 336).  Further, proceeding *pro se* is insufficient alone to equitably toll the statute of limitations under section 2255.  *Petty*, 530 F.3d at 365-66.  Likewise, a lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations.  *Id.* at 366.

To the extent Movant contends his section 2255 motion would have been timely filed had the court ruled on his Section 3582 Motion, his contention does not justify equitable tolling.  The exceptional circumstances necessary to justify equitable tolling exist when a party is misled by an affirmative, but incorrect, representation of a court on which he relies to his detriment.  *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000).  In *Patterson*, the district court allowed the *pro se* defendant to withdraw his timely-filed section 2255 motion so that he could find an experienced writ-writer.  The court granted the motion just days before the original limitations period was set to expire.  Patterson believed the new deadline for filing his section 2255 motion was one year after the dismissal of his old motion.  Equitable tolling was warranted in Patterson's case because the district court induced Patterson into believing that he had another year in which to file his new petition.  *Id.* at 931-32.  In *Petty*, the petitioner was allegedly misled by the assistant clerk of the district court as to the date on which his appeal became final and thus when the limitations period began to run; however, the Fifth Circuit held the circumstances were insufficient to warrant equitable tolling.  *Petty*, 530 F.3d at 367-68.  Here, there has been no affirmative or incorrect

representation of the court.  Movant's circumstances fall short of the standard articulated in *Patterson* and cannot be characterized as "extraordinary."  Thus, Movant has not demonstrated the second factor required to establish equitable tolling.

## III.   Conclusion

Having reviewed the motion, record, Report, Objections, and applicable law, the court determines that the findings and conclusions of the magistrate judge, in material part, are correct. The court **overrules as moot** Movant's objection that he diligently pursued his rights.  The court further **overrules** all other objections.  The magistrate judge's findings and conclusions, except the findings and conclusions relating to Movant's diligent pursuit of his rights, are therefore **accepted** as those of the court.  Accordingly, the court **denies and dismisses with prejudice** Movant's *Motion to Convert The Petitioner's Pending § 3582(c)(2) Motion into a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255,* which is construed by the court as a motion to vacate, set aside or correct sentence by a person in federal custody.  Although the court believes the *Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)* is moot, the court expressly **denies** the motion to the extent it was not previously ruled upon by the court.

**It is so ordered** this 29th day of September, 2011.

Sam A. Lindsay
United States District Judge